IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00271-KDB-DCK

| | |
|---|---|
| CHARLES ALLEN FOWLS,<br><br>**Plaintiff,**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Charles A. Fowls's Brief (Doc. No. 9), Defendant Commissioner of Social Security's ("Commissioner") Brief (Doc. No. 15), the Memorandum and Recommendations ("M&R") of the Honorable Magistrate Judge David C. Keelser (Doc. No. 17), and Plaintiff's Objection to the M&R (Doc. No. 18). The Court has carefully considered the M&R, the Objection, and the parties' briefs. For the reasons discussed below, the Court will **AFFIRM** the M&R.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so

1

as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff argues that the ALJ "generally mischaracterized the evidence" and accordingly erred in finding that he responded well to chemotherapy treatment such that he was not disabled, a contention with which the Magistrate Judge disagreed. Doc. No. 18 at 2; Doc. No. 17 at 11.[1] ALJs have "the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 98 (4th Cir. 2020) (quoting *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017)). ALJs similarly cannot mischaracterize the evidence. *Id.* at 99 (holding the ALJ mischaracterized plaintiff's symptoms as moderate while omitting any mention of contradictory treatment notes).

Plaintiff proffered three pieces of evidence for this Court's consideration. The Court, however, finds that the evidence Plaintiff provided was both thoroughly and accurately discussed by the ALJ in his decision. For the first two pieces of evidence, opinions from two medical

---

[1] The Court has conducted a *de novo* review of the record and concludes that the facts, as summarized by the Magistrate Judge, are accurate. It will thus incorporate that portion of the M&R into this Order.

providers, the ALJ reviewed the provider's opinion before explaining in detail why he found these opinions to be unpersuasive. *See* Doc. No. 5 at 19. For example, Plaintiff urges the Court to consider that one of his doctors, Dr. Clifford H. Mault, stated in May 2021 that Plaintiff presented with gastroesophageal reflux disease, a thin appearance, bronchitis, and mild tachycardia. Doc. No. 18 at 2. However, the ALJ expressly considered that evidence. First, the ALJ stated that Dr. Mault had noted Plaintiff's tachycardia at some visits and that Dr. Mault attributed Plaintiff's frequent headaches and pain in his back, legs, and abdomen to his leukemia. Doc. No. 5 at 19. The ALJ further reviewed Plaintiff's weight loss, albeit earlier in his decision, *id.* at 18, and expressly considered Plaintiff's bronchitis, noting that "there is no imaging study showing the presence of the impairment, and while office treatment records from May 2021 document diagnosis of simple chronic bronchitis, the physical exam was normal except for the tachycardia." Doc. No. 5 at 16. Plaintiff does not argue that any of those statements were false. He further urges the Court to consider evidence from the agency director at PRN Nursing Services, Melanie Henry, who provided him in-home care. *See* Doc. No. 18 at 2-3. However, the Court finds, upon its review of the ALJ's decision, that the ALJ similarly discussed the findings adequately and did not mischaracterize the evidence.

Plaintiff lastly argues that the ALJ mischaracterized evidence from the Haywood Infusion Center from January 2020. *Id.* at 3. However, he again does not point to any instance in which the ALJ mischaracterized the evidence. In fact, each of the symptoms discussed - fatigue, 50-pound weight loss, and splenomegaly - were all individually discussed by the ALJ even if they were not specifically attributed to that particular appointment (the ALJ expressly considered other records from this provider). *See* Doc. No. 5 at 18, 29 (Exh. 4F). In fact, for Plaintiff's splenomegaly, the ALJ reviewed pertinent evidence from October 2019 through June 2020. *Id.* at 18. Plaintiff's

3

Case 1:22-cv-00271-KDB-DCK    Document 19    Filed 07/16/24    Page 3 of 4

rationale is therefore not that any evidence was misstated, but instead, as he states in his Objection, that "[i]n short, an unbiased review of the medical evidence of record offers no support for the ALJ's finding that Plaintiff exhibited 'good tolerance of treatment.'" *Id.*

Although there may be evidence that could have led the ALJ to find that Plaintiff was responding poorly to treatment, "it is not the role of this Court to reweigh such evidence." *Smith v. Kijakazi*, 1:20-cv-398-KDB, 2022 WL 109216 (W.D.N.C. Jan. 11, 2022) (citing *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)). The ALJ's determination that Plaintiff responded well to treatment is based on a comprehensive and thorough review of the evidence in the record and the ALJ did not cherry-pick or otherwise mischaracterize evidence. The Court accordingly finds that the ALJ's decision was supported by substantial evidence and will affirm the M&R.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 17) is **AFFIRMED**; and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 16, 2024

Kenneth D. Bell
United States District Judge